ALEJANDRO FRANCESCHI, Plaintiff and Appellee, *v.* RAMÓN RIVERA, Defendant and Appellant.

No. 5764. Argued December 1, 1932.—Decided March 15, 1933.

*Leopoldo Tormes* for appellant. *R. Huertas Zayas* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The judgment of the District Court of Ponce decided that Ramón Rivera owed Alejandro Franceschi $600 by reason of a loan.

On appeal the principal question raised is that the loan was of a commercial nature and, hence, that it could not be proved by oral evidence. The fact was that the debt was attempted to be proved exclusively by such oral evidence. The evidence at the trial tended to show that at least one of the parties was a merchant, and it is on this ground that the appellant, citing the cases of *A. Gelabert & Co.* v. *Hernández,* 31 P.R.R. 789, and *Loíza Sugar Co.* v. *Baquero & Co.,* 29 P.R.R. 803, maintains that section 51 of the Code of Commerce is applicable. Previously, however, it must be determined whether or not the contract is commercial.

Section 311 of the Code of Commerce is as follows:

"A loan shall be considered commercial when the following conditions are present:

"1. That one of the contracting parties is a merchant.

"2. When the articles loaned are destined to commercial transactions."

The court decided that although it was shown that one of the contracting parties was a merchant, it was not shown that the money loaned by the plaintiff to the defendant was to be used for commercial transactions, as defined by said section 311.

The whole case turns upon the question whether section 311 is to be taken in disjunctive or conjunctive form, in other words, whether it is necessary for a defendant to show both the circumstances mentioned in the law.

A loan from one merchant to another or from anyone to a merchant is so common in society that it can not be that the Legislature meant that the mere proof that a man was a merchant was enough to establish the commercial character of the obligation. We think the District Court of Ponce was right in maintaining that both circumstances had to be proved.

The appellant also says that the court erred in permitting an amendment of the complaint to show that the loan took place in August instead of July, 1929. The appellant does not convince us that this amendment surprised or prejudiced him.

We find no error in the imposition of costs, and the judgment should be affirmed.